

FILED
IN OPEN COURT

MAR 20 2013

CLERK, U.S. DISTRICT COURT
NORFOLK, VA

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Norfolk Division

| | | |
|---|---|---|
| UNITED STATES OF AMERICA | ) | CRIMINAL NO. 2:13cr 40 |
| | ) | |
| v. | ) | 18 U.S.C. § 371 |
| | ) | Conspiracy |
| DIANA SHIPPING SERVICES S.A., | ) | (Count 1) |
| (Counts 1-10) | ) | |
| | ) | 33 U.S.C. § 1908(a) and |
| IOANNIS PROKAKIS, | ) | 18 U.S.C. § 2 |
| (Counts 1-11) | ) | Knowing Failure to Fully Maintain an |
| | ) | Oil Record Book |
| and | ) | (Counts 2-4) |
| | ) | |
| ANTONIOS BOUMPOUTELOS, | ) | 18 U.S.C. §§ 1519 and 2 |
| (Counts 1, 3, 4, 6, 7, 9, 10) | ) | Falsification of Records and Concealing |
| | ) | Tangible Object in a Federal Investigation |
| *Defendants.* | ) | (Counts 5-10) |
| | ) | |
| | ) | 18 U.S.C. §§ 1505 and 2 |
| | ) | Obstruction of Justice |
| | ) | (Count 11) |
| | ) | |

### INDICTMENT

March 2013 TERM – At Norfolk, Virginia

THE GRAND JURY CHARGES THAT:

At all times material to this Indictment:

### GENERAL ALLEGATIONS

A.        **THE CORPORATE DEFENDANT**

1. Defendant **DIANA SHIPPING SERVICES, S.A.** was a Panamanian corporation

with offices at Edificio Universal, Piso 12, Avenida Federico Boyd, Panama, Republic of

Panama, and at 16, Pendelis Street, Palaio Faliro, 17564 Athens, Greece. Defendant **DIANA**

**SHIPPING SERVICES, S.A.**, acting through its agents and employees, who were acting within

the scope of their agency and employment and for the intended benefit, at least in part, of Defendant **DIANA SHIPPING SERVICES, S.A.**, operated the *M/V Thetis*.

      B.             **THE INDIVIDUAL DEFENDANTS**

      1. Defendant **IOANNIS PROKAKIS**, who was employed by Defendant **DIANA SHIPPING SERVICES S.A.**, served as the Chief Engineer of the *M/V Thetis* from on or about April 17, 2012 until on or about October 2, 2012, and at all times herein acted within the scope of his agency and employment and for the intended benefit, at least in part, of Defendant **DIANA SHIPPING SERVICES, S.A.**

      2. Defendant **ANTONIOS BOUMPOUTELOS**, who was employed by Defendant **DIANA SHIPPING SERVICES S.A.**, served as the Second Assistant Engineer of the *M/V Thetis* from on or about May 19, 2012 until on or about October 2, 2012, and at all times herein acted within the scope of his agency and employment and for the intended benefit, at least in part, of Defendant **DIANA SHIPPING SERVICES, S.A.**

      C.             **THE MOTOR VESSEL THETIS**

      1. The *M/V Thetis*, a 40,160 gross ton vessel, registered under the flag administration of the Bahamas and bearing the International Maritime Organization number 9283992, was owned and operated by Defendant **DIANA SHIPPING SERVICES, S.A.** The *M/V Thetis* was engaged in international commercial maritime operations and transported bulk cargo to and from various ports around the world including Norfolk, Virginia; Newport News, Virginia; and New Orleans, Louisiana.

      2. The *M/V Thetis* had an Engine Department headed by a Chief Engineer assisted by a Second Assistant Engineer, a Third Assistant Engineer, and a junior Fourth Assistant Engineer. The Engineers were assisted by laborers known as "oiler", "wiper", and "fitter". The Chief

Engineer reported directly to the Master of the vessel and had overall responsibility for the operations of the Engine Department, including the supervision of daily operations, formulation and implementation of Engine Department procedures, management of bilge water and sludge, and verification that all systems, including the Oil Water Separator and incinerator, were functioning properly.

### D.    LEGAL FRAMEWORK

1.  The United States is part of an international regime that regulates discharges of oil from vessels at sea: the International Convention for the Prevention of Pollution from Ships, as modified by the Protocol of 1978 (the "MARPOL Protocol"). The MARPOL Protocol was enacted into United States law by the Act to Prevent Pollution from Ships (APPS), Title 33, United States Code, Sections 1901, et seq. APPS makes it a crime for any person to knowingly violate the MARPOL Protocol, APPS, or regulations promulgated under APPS. The regulations promulgated under APPS apply to all commercial vessels over 400 gross tons operating in United States waters or while at a port or terminal under the jurisdiction of the United States, including vessels operating under the authority of a country other than the United States. 33 C.F.R. § 151.09(a)(5).

2.  On large commercial vessels, water and oil accumulates in bilge wells, which is commonly known as "bilge water". Bilge wells are located at the bottommost part of the vessel. Bilge water consists of water originating from spills and leaks from piping, valves and tanks. Bilge water may be contaminated with oil, oil residue, lubrication fluids, and other liquids that leak or drip from engines or pipes and hoses that run throughout the ship. Periodically bilge water is pumped into a bilge holding tank. In order to maintain bilges at safe levels, bilge tanks and wells must be periodically emptied. This can be done in one of two ways: (1) bilge water

can be discharged ashore to a waste reception facility or, (2) it may be pumped over the side of the ship after being processed through a properly functioning Oil Water Separator. Pursuant to MARPOL and APPS, oil-contaminated bilge water may be discharged overboard into the ocean only if it contains a concentration of 15 parts per million ("ppm") or less of oil. MARPOL Protocol Regulation 15; 33 C.F.R. § 151.10. The principal technology utilized to lower the oil content of oil-contaminated bilge water is an Oil Water Separator, which includes an Oil Content Monitor to detect and prevent concentrations of oil in excess of 15 ppm from being discharged overboard.

3. On large commercial vessels, heavy fuel and lubrication oil that is used in propulsion and electrical generation machinery must be purified prior to use. When heavy fuel and lubrication oil is purified, oily sludge is removed and put into a sludge tank. Pursuant to MARPOL and APPS, sludge may removed from the ship in one of two ways: (1) sludge can be discharged ashore to a waste reception facility or, (2) it can be burned in the ship's incinerator.

4. MARPOL requires that a foreign flagged non-oil tanker ship of 400 gross tons and above maintain a record known as an Oil Record Book in which all disposals of oil residue and the discharge overboard or disposal otherwise of sludge and bilge water that has accumulated in the machinery spaces must be recorded. APPS imposes the same requirements on foreign flagged vessels while they are in the navigable waters of the United States, or while they are at a port or terminal under the jurisdiction of the United States. 33 C.F.R. §§ 151.09 and 151.25(d). Specifically, discharges of bilge water, sludge, and oily mixtures must be fully recorded, without delay, in the Oil Record Book by the person in charge of the operations. *Id.* The Oil Record Book also must contain entries concerning any emergency, accidental, or other exceptional discharges of oil or mixtures. 33 C.F.R. § 151.25(g). The Oil Record Book must be maintained

onboard the vessel for not less than three years, and be readily available for inspection at all reasonable times.  33 C.F.R. § 151.25.

5. The United States Coast Guard, an agency of the United States Department of Homeland Security, is charged with enforcing the laws of the United States and is empowered under 14 U.S.C. § 89(a) to board vessels and conduct inspections and investigations of potential violations of international and United States law, including MARPOL and APPS.  In conducting inspections, commonly known as Port State Control inspections, United States Coast Guard personnel rely on the statements of the vessel's crew and documents, including information contained in the Oil Record Book. The United States Coast Guard is specifically authorized to examine the vessel's Oil Record Book to determine, among other things, whether the vessel has operable pollution prevention equipment and appropriate procedures, whether it poses any danger to United States' ports and waters, and whether the vessel has discharged any oil or oily mixtures in violation of MARPOL, APPS, or any applicable federal regulations.  33 C.F.R. §§ 151.23(a)(3) and (c).  If the United States Coast Guard finds evidence that a vessel is not in substantial compliance with MARPOL or APPS, the United States Coast Guard is empowered to deny a vessel's entry into a United States' port or detain the vessel until it is determined that the vessel does not present an unreasonable threat to the marine environment.  33 C.F.R. §§ 151.07(b) and 151.23(b).

## COUNT ONE

1. The general allegations set forth in paragraphs A through D of the General Allegations Section above are re-alleged and incorporated by reference into Count One as if fully set forth therein.

2. Beginning at a time unknown, but no later than on or about October 11, 2011, continuing until on or about September 23, 2012, within the navigable waters, internal waters, ports of the United States, the Eastern District of Virginia, and elsewhere, the Defendants, **DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS and ANTONIOS BOUMPOUTELOS**, along with Unindicted Co-conspirator 1 (UC1), and others known and unknown to the Grand Jury, did knowingly and willfully conspire, confederate and agree with each other and with other persons known and unknown to the Grand Jury to commit the following offenses:

      A.    to knowingly fail to maintain an Oil Record Book for the *M/V Thetis*, in violation of Title 33, United States Code, Section 1908(a); and Title 33, Code of Federal Regulations, Sections 151.25(a) and 151.25(h);

      B.    to knowingly alter, conceal, cover up, falsify and make a false entry in a record, that is: the Oil Record Book for the *M/V Thetis*, with the intent to impede, obstruct and influence the investigation or proper administration of a matter within the jurisdiction of the United States Coast Guard and Department of Homeland Security, in violation of Title 18, United States Code, section 1519; and

      C.    to knowingly conceal and cover up a tangible object, that is: bypass piping used on the *M/V Thetis* that was used to discharge sludge and machinery space bilge waste directly into the sea by circumventing required pollution prevention devices, with the intent to

impede, obstruct and influence the investigation or proper administration of a matter within the

jurisdiction of the United States Coast Guard and Department of Homeland Security, in violation

of Title 18, United States Code, section 1519.

## WAYS MANNER AND MEANS

Among the manner and means used by Defendants **DIANA SHIPPING SERVICES,**

**S.A., IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS**, and UC1 to effectuate

this conspiracy and to further its objectives included, but were not limited to the following:

1. The purpose of the conspiracy was for Defendants **DIANA SHIPPING SERVICES,**

**S.A., IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS**, and UC1, to prevent the

United States Coast Guard from discovering that the *M/V Thetis* was operating in violation of

MARPOL and APPS by virtue of its failure to properly record unlawful discharges of bilge

water, sludge, and oily mixtures in its Oil Record Book.

2. It was a part of the conspiracy that Defendant **DIANA SHIPPING SERVICES, S.A.,**

and UC1, operated the *M/V Thetis*, knowing the vessel was carrying a false Oil Record Book

from on or about October 11, 2011 until on or about September 23, 2012.

3. It was further a part of the conspiracy that Defendants **DIANA SHIPPING**

**SERVICES, S.A., IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS**, and UC1,

knowingly covered up the fact that sludge and machinery space bilge water was routinely

discharged from the *M/V Thetis* without using required pollution prevention equipment from on

or about October 11, 2011 until on or about September 23, 2012, by failing to record the

discharges in the Oil Record Book.

4. It was further a part of the conspiracy that Defendants **DIANA SHIPPING**

**SERVICES, S.A., IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS**, and UC1,

regularly and routinely used, and directed the use of pumps and piping to discharge bilge water from machinery spaces and sludge on the vessel directly into the sea, by-passing required pollution prevention equipment.

### OVERT ACTS IN FURTHERANCE OF THE CONSPIRACY

On or about the dates below and in furtherance of the conspiracy and to effect the object thereof, there was committed and caused to be committed by Defendants **DIANA SHIPPING INC., DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS,** and UC1, at least one of the following overt acts, among others, in the Eastern District of Virginia, and elsewhere:

1. During voyages between on or about October 11, 2011 until on or about March 26, 2012, Defendant **DIANA SHIPPING SERVICES, S.A.,** and UC1, and other members of the conspiracy, directed subordinates to discharge and caused the discharge of machinery space bilge water from the *M/V Thetis* directly overboard into the sea, bypassing the ship's Oil Water Separator and other required pollution prevention equipment without recording the discharge into the vessel's Oil Record Book as required.

2. During a voyage ending in Gramercy, Louisiana, on or about March 26, 2012, the Defendant **DIANA SHIPPING SERVICES, S.A.,** and UC1, and other members of the conspiracy, directed subordinates to discharge and caused the discharge of machinery space bilge water from the *M/V Thetis* directly overboard into the sea, bypassing the ship's Oil Water Separator and other required pollution prevention equipment without recording the discharge into the vessel's Oil Record Book as required.

3. On or about March 26, 2012, Defendant **DIANA SHIPPING SERVICES, S.A.,** and UC1, and other members of the conspiracy, caused the *M/V Thetis* to enter the navigable waters,

8

internal waters and a port of the United States in Gramercy, Louisiana, with a knowingly falsified Oil Record Book.

4. On or about March 26, 2012, Defendant **DIANA SHIPPING SERVICES, S.A.**, and UC1, and other members of the conspiracy, in an attempt to obstruct a United States Coast Guard Port State Control vessel examination and inspection, caused the *M/V Thetis* to enter the navigable waters, internal waters and a port of the United States in Gramercy, Louisiana, with concealed bypass piping hidden on top of the engine control room that was used to discharge sludge and machinery space bilge waste directly into the sea.

5. During a voyage ending in Newport News, Virginia, on or about May 2, 2012, the Defendants **DIANA SHIPPING SERVICES, S.A.**, and **IOANNIS PROKAKIS**, and UC1, and other members of the conspiracy, directed subordinates to discharge and caused the discharge of machinery space bilge water from the *M/V Thetis* directly overboard into the sea, bypassing the ship's Oil Water Separator and other required pollution prevention equipment without recording the discharge into the vessel's Oil Record Book as required.

6. On or about May 2, 2012, Defendants **DIANA SHIPPING SERVICES, S.A.**, and **IOANNIS PROKAKIS**, and UC1, and other members of the conspiracy, caused the *M/V Thetis* to enter the navigable waters, internal waters and a port of the United States in Newport News, Virginia, with a knowingly falsified Oil Record Book.

7. On or about May 2, 2012, Defendant **DIANA SHIPPING SERVICES, S.A.**, and **IOANNIS PROKAKIS**, and UC1, and other members of the conspiracy, in an attempt to obstruct a United States Coast Guard Port State Control vessel examination and inspection, caused the *M/V Thetis* to enter the navigable waters, internal waters and a port of the United States in Newport News, Virginia, with concealed bypass piping hidden on top of the engine

control room that was used to discharge sludge and machinery space bilge waste directly into the sea.

8. During a voyage ending in Gramercy, Louisiana, on or about June 5, 2012, the Defendants **DIANA SHIPPING SERVICES, S.A.,** and **IOANNIS PROKAKIS,** and UC1, and other members of the conspiracy, directed subordinates to discharge and caused the discharge of machinery space bilge water from the *M/V Thetis* directly overboard into the sea, bypassing the ship's Oil Water Separator and other required pollution prevention equipment without recording the discharge into the vessel's Oil Record Book as required.

9. On or about June 5, 2012, Defendants **DIANA SHIPPING SERVICES, S.A.,** and **IOANNIS PROKAKIS,** and UC1, and other members of the conspiracy, caused the *M/V Thetis* to enter the navigable waters, internal waters and a port of the United States in Gramercy, Louisiana, with a knowingly falsified Oil Record Book.

10. On or about June 5, 2012, Defendant **DIANA SHIPPING SERVICES, S.A.,** and **IOANNIS PROKAKIS,** and UC1, and other members of the conspiracy, in an attempt to obstruct a United States Coast Guard Port State Control vessel examination and inspection, caused the *M/V Thetis* to enter the navigable waters, internal waters and a port of the United States in Gramercy, Louisiana, with concealed bypass piping hidden on top of the engine control room that was used to discharge sludge and machinery space bilge waste directly into the sea.

11. During a voyage ending in Newport News, Virginia, on or about July 8, 2012, the Defendants **DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS.,** and UC1, and other members of the conspiracy, directed subordinates to discharge and caused the discharge of machinery space bilge water from the *M/V Thetis* directly overboard into the sea, bypassing the ship's Oil Water Separator and other required pollution

prevention equipment without recording the discharge into the vessel's Oil Record Book as required.

12. On or about July 8, 2012, Defendants **DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS**, and UC1, and other members of the conspiracy, caused the *M/V Thetis* to enter the navigable waters, internal waters and a port of the United States in Newport News, Virginia, with a knowingly falsified Oil Record Book.

13. On or about July 8, 2012, Defendant **DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS**, and **ANTONIOS BOUMPOUTELOS**, and UC1, and other members of the conspiracy, in an attempt to obstruct a United States Coast Guard Port State Control vessel examination and inspection, caused the *M/V Thetis* to enter the navigable waters, internal waters and a port of the United States in Newport News, Virginia, with concealed bypass piping hidden on top of the engine control room that was used to discharge sludge and machinery space bilge waste directly into the sea.

14. During a voyage ending in Norfolk, Virginia, on or about September 22, 2012, the Defendants **DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS**, and UC1, and other members of the conspiracy, directed subordinates to discharge and caused the discharge of machinery space bilge water from the *M/V Thetis* directly overboard into the sea, bypassing the ship's Oil Water Separator and other required pollution prevention equipment without recording the discharge into the vessel's Oil Record Book as required.

15. On or about September 22, 2012, Defendants **DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS**, and UC1, and other

members of the conspiracy, caused the *M/V Thetis* to enter the navigable waters, internal waters and a port of the United States in Norfolk, Virginia, with a knowingly falsified Oil Record Book.

16. On or about September 22, 2012, Defendant **DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS,** and **ANTONIOS BOUMPOUTELOS,** and UC1, and other members of the conspiracy, in an attempt to obstruct a United States Coast Guard Port State Control vessel examination and inspection, caused the *M/V Thetis* to enter the navigable waters, internal waters and a port of the United States in Norfolk, Virginia, with concealed bypass piping hidden on top of the engine control room that was used to discharge sludge and machinery space bilge waste directly into the sea.

17. On or about September 22, 2012, Defendants **DIANA SHIPPING SERVICES, S.A.** and **IOANNIS PROKAKIS,** and UC1, instructed junior engineering crewmembers, while in the engine control room of the *M/V Thetis*, in sum and substance, to falsely tell United States Coast Guard personnel that the bypass piping was not used to discharge machinery space bilge water or sludge from the vessel.

(In violation of Title 18, United States Code, Section 371.)

## COUNT TWO

1. The general allegations set forth in paragraphs A through D of the General Allegations Section above are re-alleged and incorporated by reference into Count Two as if fully set forth therein.

2. On or about May 2, 2012, within the navigable waters, internal waters and ports of the United States in Newport News, Virginia, in the Eastern District of Virginia, the Defendants **DIANA SHIPPING SERVICES, S.A., and IOANNIS PROKAKIS**, did knowingly fail to maintain an Oil Record Book for the *M/V Thetis* in which all disposals and overboard discharges of sludge, oil residue, and machinery space bilge water were required to be fully recorded and falsely stated that discharges had been made through pollution prevention equipment. Specifically, the Defendants maintained an Oil Record Book that (1) failed to disclose overboard discharges of sludge; (2) failed to disclose overboard discharges of machinery space bilge water without the use of a properly functioning Oil Water Separator and oil monitoring equipment; and (3) falsely stated the Oil Water Separator was used when in fact it was not.

(In violation of Title 33, United States Code, Section 1908(a); Title 18, United States Code, Section 2; Title 33, Code of Federal Regulations, Section 151.25; and the MARPOL Protocol, Annex I, Regulation 17, 1340 U.N.T.S. 61, 62 & 184.)

## COUNT THREE

1. The general allegations set forth in paragraphs A through D of the General Allegations Section above are re-alleged and incorporated by reference into Count Three as if fully set forth therein.

2. On or about July 8, 2012, within the navigable waters, internal waters and ports of the United States in Newport News, Virginia, in the Eastern District of Virginia, the Defendants **DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS and ANTONIOS**

13

**BOUMPOUTELOS**, did knowingly fail to maintain an Oil Record Book for the *M/V Thetis* in which all disposals and overboard discharges of sludge, oil residue, and machinery space bilge water were required to be fully recorded and falsely stated that discharges had been made through pollution prevention equipment. Specifically, the Defendants maintained an Oil Record Book that (1) failed to disclose overboard discharges of sludge; (2) failed to disclose overboard discharges of machinery space bilge water without the use of a properly functioning Oil Water Separator and oil monitoring equipment; and (3) falsely stated the Oil Water Separator was used when in fact it was not.

(In violation of Title 33, United States Code, Section 1908(a); Title 18, United States Code, Section 2; Title 33, Code of Federal Regulations, Section 151.25; and the MARPOL Protocol, Annex I, Regulation 17, 1340 U.N.T.S. 61, 62 & 184.)

## COUNT FOUR

1. The general allegations set forth in paragraphs A through D of the General Allegations Section above are re-alleged and incorporated by reference into Count Four as if fully set forth therein.

2. On or about September 22, 2012, within the navigable waters, internal waters and ports of the United States in Norfolk, Virginia, in the Eastern District of Virginia, the Defendants **DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS**, did knowingly fail to maintain an Oil Record Book for the *M/V Thetis* in which all disposals and overboard discharges of sludge, oil residue, and machinery space bilge water were required to be fully recorded and falsely stated that discharges had been made through pollution prevention equipment. Specifically, the Defendants maintained an Oil Record Book that (1) failed to disclose overboard discharges of sludge; (2) failed to disclose overboard discharges of machinery space bilge water without the use of a properly functioning Oil Water

Separator and oil monitoring equipment; and (3) falsely stated the Oil Water Separator was used when in fact it was not.

(In violation of Title 33, United States Code, Section 1908(a); Title 18, United States Code, Section 2; Title 33, Code of Federal Regulations, Section 151.25; and the MARPOL Protocol, Annex I, Regulation 17, 1340 U.N.T.S. 61, 62 & 184.)

## COUNT FIVE

1. The general allegations set forth in paragraphs A through D of the General Allegations Section above are re-alleged and incorporated by reference into Count Five as if fully set forth therein.

2. During a voyage ending on or about May 2, 2012, terminating in and within the navigable waters, internal waters and ports of the United States in Newport News, Virginia, in the Eastern District of Virginia, the Defendants **DIANA SHIPPING SERVICES, S.A.,** and **IOANNIS PROKAKIS,** with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, namely the United States Coast Guard and the Department of Homeland Security, and in relation to and in contemplation of such matter, namely, a Port State Control vessel examination and inspection to determine compliance with the MARPOL Protocol and United States law, did knowingly conceal, cover up, and falsify, and make a false entry in a record and document, that is, a false, fictitious and misleading Oil Record Book for the *M/V Thetis* that concealed the overboard discharge of sludge and machinery space bilge water and falsely stated that required pollution prevention equipment, such as the Oil Water Separator, had been used when it had not.

(In violation of Title 18, United States Code, Section 1519, and Title 18, United States Code, Section 2.)

## COUNT SIX

1. The general allegations set forth in paragraphs A through D of the General Allegations Section above are re-alleged and incorporated by reference into Count Six as if fully set forth therein.

2. During a voyage ending on or about July 8, 2012, terminating in and within the navigable waters, internal waters and ports of the United States in Newport News, Virginia, in the Eastern District of Virginia, the Defendants **DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS,** with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, namely the United States Coast Guard and the Department of Homeland Security, and in relation to and in contemplation of such matter, namely, a Port State Control vessel examination and inspection to determine compliance with the MARPOL Protocol and United States law, did knowingly conceal, cover up, and falsify, and make a false entry in a record and document, that is, a false, fictitious and misleading Oil Record Book for the *M/V Thetis* that concealed the overboard discharge of sludge and machinery space bilge water and falsely stated that required pollution prevention equipment, such as the Oil Water Separator, had been used when it had not.

(In violation of Title 18, United States Code, Section 1519, and Title 18, United States Code, Section 2.)

## COUNT SEVEN

1. The general allegations set forth in paragraphs A through D of the General Allegations Section above are re-alleged and incorporated by reference into Count Seven as if fully set forth therein.

2. During a voyage ending on or about September 22, 2012, terminating in and within the navigable waters, internal waters and ports of the United States in Norfolk, Virginia, in the Eastern District of Virginia, the Defendants **DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS,** with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, namely the United States Coast Guard and the Department of Homeland Security, and in relation to and in contemplation of such matter, namely, a Port State Control vessel examination and inspection to determine compliance with the MARPOL Protocol and United States law, did knowingly conceal, cover up, and falsify, and make a false entry in a record and document, that is, a false, fictitious and misleading Oil Record Book for the *M/V Thetis* that concealed the overboard discharge of sludge and machinery space bilge water and falsely stated that required pollution prevention equipment, such as the Oil Water Separator, had been used when it had not.

(In violation of Title 18, United States Code, Section 1519, and Title 18, United States Code, Section 2.)

## COUNT EIGHT

1. The general allegations set forth in paragraphs A through D of the General Allegations Section above are re-alleged and incorporated by reference into Count Eight as if fully set forth therein.

2. During a voyage ending on or about May 2, 2012, terminating in and within the navigable waters, internal waters and ports of the United States in Newport News, Virginia, in the Eastern District of Virginia, the Defendants **DIANA SHIPPING SERVICES, S.A.,** and **IOANNIS PROKAKIS,** with the intent to impede, obstruct, and influence the investigation and

proper administration of a matter within the jurisdiction of a department and agency of the

United States, namely the United States Coast Guard and the Department of Homeland Security,

and in relation to and in contemplation of such matter, namely, a Port State Control vessel

examination and inspection to determine compliance with the MARPOL Protocol and United

States law, did knowingly conceal and cover up a tangible object, that is, bypass piping used on

the *M/V Thetis* that was used to discharge sludge and machinery space bilge waste directly into

the sea by circumventing required pollution prevention devices, by ordering the bypass piping to

be hidden on top of the engine control room.

(In violation of Title 18, United States Code, Section 1519, and Title 18, United States
Code, Section 2.)

## COUNT NINE

1. The general allegations set forth in paragraphs A through D of the General Allegations

Section above are re-alleged and incorporated by reference into Count Nine as if fully set forth

therein.

2. During a voyage ending on or about July 8, 2012, terminating in and within the

navigable waters, internal waters and ports of the United States in Newport News, Virginia, in

the Eastern District of Virginia, the Defendants **DIANA SHIPPING SERVICES, S.A.,**

**IOANNIS PROKAKIS** and **ANTONIOS BOUMPOUTELOS**, with the intent to impede,

obstruct, and influence the investigation and proper administration of a matter within the

jurisdiction of a department and agency of the United States, namely the United States Coast

Guard and the Department of Homeland Security, and in relation to and in contemplation of such

matter, namely, a Port State Control vessel examination and inspection to determine compliance

with the MARPOL Protocol and United States law, did knowingly conceal and cover up a

18

tangible object, that is, bypass piping used on the *M/V Thetis* that was used to discharge sludge and machinery space bilge water directly into the sea by circumventing required pollution prevention devices, by ordering the bypass piping to be hidden on top of the engine control room.

(In violation of Title 18, United States Code, Section 1519, and Title 18, United States Code, Section 2.)

## COUNT TEN

1. The general allegations set forth in paragraphs A through D of the General Allegations Section above are re-alleged and incorporated by reference into Count Ten as if fully set forth therein.

2. During a voyage ending on or about September 22, 2012, terminating in and within the navigable waters, internal waters and ports of the United States in Norfolk, Virginia, in the Eastern District of Virginia, the Defendants **DIANA SHIPPING SERVICES, S.A., IOANNIS PROKAKIS and ANTONIOS BOUMPOUTELOS**, with the intent to impede, obstruct, and influence the investigation and proper administration of a matter within the jurisdiction of a department and agency of the United States, namely the United States Coast Guard and the Department of Homeland Security, and in relation to and in contemplation of such matter, namely, a Port State Control vessel examination and inspection to determine compliance with the MARPOL Protocol and United States law, did knowingly conceal and cover up a tangible object, that is, bypass piping used on the *M/V Thetis* that was used to discharge sludge and machinery space bilge waste directly into the sea by circumventing required pollution prevention devices, by ordering the bypass piping to be hidden on top of the engine control room.

(In violation of Title 18, United States Code, Section 1519, and Title 18, United States Code, Section 2.)

## COUNT ELEVEN

1. The general allegations set forth in paragraphs A through D of the General Allegations Section above are re-alleged and incorporated by reference into Count Eleven as if fully set forth therein.

2. On or about September 22, 2012, within the navigable waters, internal waters and ports of the United States in Norfolk, Virginia, in the Eastern District of Virginia, the Defendants, **DIANA SHIPPING SERVICES, S.A.**, and **IOANNIS PROKAKIS**, did corruptly influence, obstruct and impede, and endeavor to influence, obstruct, and impede the due and proper administration of the law under a pending proceeding by the United States Coast Guard and the Department of Homeland Security, to wit, after the Coast Guard began a Port State Control inspection of the *M/V Thetis* to determine the vessel's compliance with MARPOL and United States law, **PROKAKIS** instructed junior engineering crewmembers to deny to United States Coast Guard inspectors any knowledge about the bypass piping used to discharge bilge water directly overboard, and to tell United States Coast Guard inspectors that the piping was never used to discharge overboard when in fact he then and there well knew that the bypass piping had been used to discharge bilge water.

(In violation of Title 18, United States Code, Section 1505, and Title 18, United States Code, Section 2.)

United States v. Diana Shipping Services S.A., et al.
Criminal No. 2:13cr 40

A TRUE BILL:


FOREPERSON


NEIL H. MACBRIDE
UNITED STATES ATTORNEY

By:

Joseph L. Kosky
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-3205
E-Mail Address – joseph.kosky@usdoj.gov

IGNACIA S. MORENO
ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division
United States Department of Justice

By:

Kenneth E. Nelson
Trial Attorney
Environmental Crimes Section
United States Department of Justice
601 D. Street, NW, Suite 2814
Washington, DC 20004
Office Number (202) 305-0435
Facsimile Number (202) 514-8865
E-Mail Address – kenneth.nelson@usdoj.gov

21