**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**

**NORFOLK DIVISION**

UNITED STATES OF AMERICA

v. Crim. No. 2:13cr40

DIANA SHIPPING SERVICES, S.A.,
IOANNIS PROKAKIS and
ANTONIOS BOUMPOUTELOS

**DEFENDANTS' JOINT MOTION FOR ADDITIONAL PEREMPTORY CHALLENGES**

Defendants, Diana Shipping Services, S.A. ("DSS"), Ioannis Prokakis and Antonios Boumpoutelos, through counsel, hereby move this Honorable Court for the entry of an Order granting each of them four (4) additional peremptory challenges for a total of twenty (22) peremptory challenges, as permitted by Federal Rule of Criminal Procedure 24(b).

In support of this motion, defendants state as follows:

1. The Sixth Amendment requirement that a defendant be afforded a fair trial by an impartial jury is "fundamental to the American system of justice." *Taylor v. Louisiana*, 419 U.S. 522, 530 (1975).

2. The primary purpose of peremptory challenges is to help "secure the constitutional guarantee of trial by an impartial jury." *United States v. Martinez-Salazar*, 528 U.S. 304, 316 (2000).

3. Federal Rule of Criminal Procedure 24(b)(2) provides the government with 6 peremptory challenges "when a defendant is charged with a crime punishable by imprisonment of more than one year."

4. In this action, each of the individual defendants is charged with crimes punishable by imprisonment of more than one year. Federal Rule of Criminal Procedure further provides

that in those circumstances "the defendant or defendants jointly have 10 peremptory challenges . . . ."

5. Fed. R. Crim. P. Rule 24(b)(2) provides, "the court may allow additional peremptory challenges to multiple defendants, and may allow the defendants to exercise those challenges separately or jointly." Whether to grant or deny the defendants' request for additional peremptory challenges beyond the ten (10) challenges provided by Rule 24 (b)(2) is within the sound discretion of the Court. *See United States v. Meredith*, 824 F.2d 1418, 1423 (4th Cir. 1987).

6. In this action, the Superseding Indictment charges the defendants with, among other crimes, conspiring "to knowingly fail to maintain an Oil Record Book for the *M/V Thetis* in violation of Title 33, United States Code, Section 1908(a); and Title 33, Code of Federal Regulations, Sections 151.25(a) and 151.25(h)" from at least "October 11, 2011 …until on or about September 23, 2012," as well as crimes related to the failure to maintain an accurate Oil Record Book. Docket Entry 30, Superseding Indictment at p. 6, Count 1, ¶¶ A-C.

7. The defendants, however, are each in unique situations with regard to the counts charged in the Superseding Indictment and, therefore, will offer unique and different defenses. For example, the government is seeking to hold DSS vicariously liable for the alleged acts of its employees and/or agents. *Id.* at p. 1-2, ¶ A(1).[1] To sustain this burden, the government must establish that DSS's employees and/or agents were working within the scope of their

[1] "Defendant DIANA SHIPPING SERVICES, S.A., acting through its agents and employees, who were acting within the scope of their agency and employment and for the intended benefit, at least in part, of Defendant DIANA SHIPPING SERVICES, S.A., operated the M/V Thetis." Docket Entry 30, Superseding Indictment at p. 1-2, ¶ A(1).

employment and with the intent to benefit DSS.[2] Therefore, as to the corporate defendant, these are additional elements of the offense that must be proven beyond a reasonable doubt in order to hold the corporate defendant vicariously liable for each of the counts charged in the Superseding Indictment. Accordingly, the individual defendants will have no interest in utilizing the ten shared peremptory challenges provided for in Fed. R. Crim. P. Rule 24(b) to address issues related to the prospective jurors' beliefs regarding corporate vicarious liability. It is respectfully submitted that additional peremptory challenges are required, which can then be separately utilized by the corporate defendant, in order to provide DSS with an opportunity to be tried before an impartial jury.

8. Similarly, the Superseding Indictment charges that defendant DSS was the operator of the M/V THETIS (the "Vessel") during the entire period of the alleged conspiracy. However, defendants Prokakis and Boumpoutelos were not on the Vessel until April 17, 2012 and May 25, 2012, respectively. Moreover, defendant Boumpoutelos had never worked for DSS before May 25, 2012. Accordingly, the individual defendants could not have been members of the alleged conspiracy prior to their joining the Vessel, and their purported defenses will therefore be different than those of the corporate defendant, which is charged in Count One with overt acts that were allegedly vicariously committed by unnamed and unknown co-conspirators. Accordingly, the two individual defendants require additional peremptory challenges, which can be exercised separate and apart from the corporate defendant to address the divergence defense

[2] *See United States v. Beusch*, 596 F.2d 871, 877 (9th Cir. 1979)(holding that a corporation acts only through its agents and employees, that is, those agents and employees or other persons authorized or employed to act for it, and in order for a corporation to be found criminally liable for the alleged acts of its employees and/or agents such agents or employees must act within the scope of his agency or employment and the employee's actions must have benefited the corporation); *United States v. Cincotta*, 689 F.2d 238, 241-32 (1st Cir. 1982)(same); *United States v. DeMauro*, 581 F.2d 50, 54 n.3 (2d Cir. 1978)(same).

with regards to the scope and length of the alleged conspiracy and whether they had any role in such alleged conspiracy.

9. Further, the Superseding Indictment alleges that defendant Prokakis was the Chief Engineer of the Vessel, ran the engine room department and gave orders to the rest of the engine room crew. Defendant Boumpoutelos, on the other hand, was the Second Engineer who allegedly took his orders from defendant Prokakis. Consequently, according to the Superseding Indictment, the two individual defendants were not in the same position and did not have the same authority with regard to the operation of the Vessel's engine room. Thus, those two defendants may not agree on the type of juror to best decide this case with regard to the charges against them individually. *See United States v. Bodkins*, 2005 U.S. Dist. LEXIS 16419, at *4 (W.D. Va. 2005)(granting additional peremptory challenges as the defendants had potentially antagonistic defenses that could result in a spilt verdict and/or disparate sentencing guideline considerations if they were convicted at trial).

10. Finally, defendants Prokakis and DSS, vicariously for the alleged acts of Prokakis, are charged in Count Eleven of the Superseding Indictment with violating 18 U.S.C. § 1505 for allegedly instructing "junior engineering crewmembers to deny to United States Coast Guard inspectors any knowledge" of the alleged overboard discharges that occurred on the Vessel, which, the government alleges, resulted in the Oil Record Book being inaccurate. Significantly, defendant Boumpoutelos was not charged in this Count and, therefore, is in a different situation than the other two defendants. Accordingly, defendant Boumpoutelos will not be required to defend himself against these charges and the other two defendants should be permitted to exercise their own separate, additional peremptory challenges to select jurors that are an impartial trier of fact as to this specific count.

11. Given the unique theories that each defendant will employ, it is likely that not all defendants will jointly agree on how to use the 10 peremptory challenges provided for under Fed. R. Crim. P. 24(b)(2). Thus, defendants collectively request four additional peremptory challenges each, which can be exercised by the defendants individually. *See United States v. Battle*, No. 97-40005-01-04 SAC, 1997 WL 447814 at *21-22 (D. Kan. June 27, 1997) (granting motion for additional and separate peremptory challenges where, as here, defendants "may pursue antagonist defenses"); *United States v. Cordero*, No. 97-CR-63, 1998 WL 52034 (N.D.N.,Y. Jan. 30, 1998 (granting additional peremptory challenges in multi-defendant case.)

12. In order to "help ensure a fair trial," defendants submit that additional peremptory challenges are necessary in this case. *See Battle*, 1997 WL 447814 at *21. It is respectfully submitted that due to the novelty and complexity of this case, additional peremptory challenges are an "appropriate safeguard to ensure that Defendants are afforded a fair trial," but at the same time will not unduly delay the voir dire process or trial. *See United States v. Hasan*, 747 F. Supp. 2d 642, 699 (E.D.Va. 2012)(granting additional peremptory challenges in a multi-defendant case that originated on the high seas as the granting of these additional challenges would not unduly delay the trial).

WHEREFORE, defendants respectfully ask this Court to enter the proposed order attached as Exhibit A granting them 12 additional peremptory challenges (four per defendant) to be exercised individually (four per defendant) by defendants in addition to the 10 peremptory challenges that defendants are entitled to collectively under Federal Rule of Criminal Procedure 24(b).

Respectfully submitted,

/s/ Lawrence H. Woodward, Jr.
Lawrence H. Woodward, Jr. (VSB No. 21756)
*Attorney for Ioannis Prokakis*
Shuttleworth, Ruloff, Swain, Haddad
& Morecock, P.C.
4525 South Boulevard
Suite 300
Virginia Beach, VA 23452
Phone: 757/671-6000
Fax: 757/671-6004
Email: lwoodward@srgslaw.com

Carl R. Woodward, III
*Attorney for Ioannis Prokakis*
*ADMITTED PRO HAC VICE*
Carella, Byrne, Cecchi, Olstein, Brody
& Agnello, P.A.
5 Becker Farm Road
Roseland, NJ 07068
Phone: 973/994-1700
Fax: 973/994-1744
Email: cwoodward@carellabyrne.com

/s/ Patrick H. O'Donnell
Patrick H. O'Donnell (VSB No. 29637)
*Attorney for Antonios Boumpoutelos*
Kaufman & Canoles
150 West Main Street
Suite 2100
Norfolk, VA 23510
Phone: 757/624-3000
Fax: 757/624-3169
Email: phodonnell@kaufcan.com

Michael K. Twersky
*Attorney for Antonios Boumpoutelos*
*ADMITTED PRO HAC VICE*
Fox Rothschild, LLP
2000 Market Street
20th Floor
Philadelphia, PA 19103
Phone: 215/299-2923
Fax: 215/299-2150
Email: mtwersky@foxrothschild.cm

/s/ Trey R. Kelleter
Trey R. Kelleter (VSB No. 41606)
*Attorney for Diana Shipping Services, S.A.*
Vandeventer Black, LLP
101 W. Main Street, Suite 500
Norfolk, VA 23510
Phone: 757/446-8600
Fax: 757/446-8670
Email: tkelleter@vanblk.com

Michael G. Chalos
Brian T. McCarthy
*Attorney for Diana Shipping Services, S.A.*
*ADMITTED PRO HAC VICE*
Chalos O'Connor, LLP
366 Main Street
Port Washington, NY 11050
Phone: 516/767-3600
Fax: 516/767-3605
Email: mchalos@codus-law.com
Email: bmccarthy@codus-law.com

**CERTIFICATE OF SERVICE**

I hereby certify that on this 2nd day of July, 2013, I served the foregoing Defendants' Joint Motion for Additional Peremptory Challenges via the Court's electronic notification system on the following:

Joseph Kosky
Assistant United States Attorney
for the Eastern District of Virginia
101 West Main Street
Suite 8000
Norfolk, VA 23510-1671
(757) 441-6331
Joseph.Kosky@usdoj.gov

Kenneth Nelson
Environmental Crimes Section
Environment and Natural Resources Division
United States Department of Justice
601 D St. NW, Suite 2814
Washington, DC 20004
(202) 305-0435
Kenneth.Nelson3@usdoj.gov

/s/ Patrick H. O'Donnell

Patrick H. O'Donnell (VSB No. 29637)
*Attorney for Antonios Boumpoutelos*
Kaufman & Canoles
150 West Main Street
Suite 2100
Norfolk, VA 23510
Phone: 757/624-3000
Fax: 757/624-3169
Email: phodonnell@kaufcan.com