**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF VIRGINIA**
**NORFOLK DIVISION**

UNITED STATES OF AMERICA

          v.                          Crim. No. 2:13cr40

DIANA SHIPPING SERVICES, S.A.,
IOANNIS PROKAKIS and
ANTONIOS BOUMPOUTELOS

**DEFENDANTS' JOINT MOTION FOR AN EXPEDITED RETURN DATE**
**FOR THE SUBPOENA SERVED UPON DANILO TAN**

COMES NOW Defendants, Diana Shipping Services, S.A., Ioannis Prokakis and

Antonios Boumpoutelos (referred to collectively hereafter as "the Defendants"), by their

undersigned counsel, and file this motion for an expedited return date and briefing schedule for

the Subpoena, dated July 10, 2013, which has been served on Danilo Tan,[1] and which calls for

his attendance at trial and for the production of his computer and other electronic storage devices

and records related to the M/V THETIS. *See* Docket Entry No. 60 (hereafter the "Subpoena").

*See* Exhibit J.

The Defendants respectfully request an Order to make the Subpoena returnable on

July 17, 2013. The current return date specified by the Subpoena, per the Clerk of the Court, is

July 23, 2013, the same day the trial is scheduled to commence in the above captioned action.

*See* Docket Entry No. 60. In addition to compelling Mr. Tan to appear at trial, however, the

---

[1] As more fully discussed below, Mr. Tan served as an Oiler on the M/V THETIS, and has been detained in the District by the government since October 2, 2012. He will be called as one of the two whistleblowers witnesses by the government at the upcoming trial and will provide testimony regarding photographs and other files that were created and saved on his personal computer and other electronic storage devices, which directly relate to the charges contained in the Superseding Indictment. Although these original digital photographs and computer files are stored on Mr. Tan's computer and other electronic storage devices, the government has never seized or examined the same and therefore the original files from Mr. Tan's computer and other electronic storage devices were not produced by the government pursuant to Fed. R. Crim. P. Rule 16. Instead, the subpoena obtained and issued by the Defendants provides the sole means to examine these critical pieces of evidence, and the Defendants are moving for an expedited return date for this subpoena to ensure the materials contained on Mr. Tan's computer and other electronic storage devices can be examined and utilized as exhibits by the Defendants at trial.

Subpoena also seeks production of his computer and other electronic storage devices owned by Mr. Danilo Tan, who is a key government witness in this action and who provided files from his computer and other electronic storage devices that formed the basis for the charges contained in the Superseding Indictment. *See* Docket Entry No. 30.

The government has produced documents to defendants conclusively establishing that Mr. Tan's computer and other electronic storage devices contain files and information which are relevant and material to this action. The Defendants are requesting an opportunity to review these materials, including the meta data[2] for the individual computer files on Mr. Tan's computer, in order to prepare for and avoid delay of the July 23, 2013 trial date. Accordingly, the Defendants respectfully request that the Court grant this motion and expedite the return date of the Subpoena as it relates to the production of the computer and related memory devices, so the Defendants may forensically image the contents of the items sought by the subpoena and thereafter have an opportunity to analyze those materials in advance of trial.

## FACTUAL BACKGROUND

On April 10, 2013, Defendants were arraigned on an eleven count Superseding Indictment charging them with, *inter alia*, allegedly failing to maintain an accurate Oil Record Book, and related charges, for the maritime vessel M/V THETIS. *See* Docket Entry Nos. 39, 41 & 42. Each of the Defendants pled not guilty to the charges filed against them. *See id.*

---

[2] All files, documents and photographs stored on a computer hard drive, mobile phone or digital camera contain meta data. The meta data for an individual file provides information as to the origins of file and the date and other information regarding when it was created and/or modified. For example, for a digital photograph, the meta data would include information that describes how large the picture is, the color depth, the image resolution, the date that the image was created and when the photograph was modified. As more fully set forth below, an analysis of the meta data for the photographs and computer files on Mr. Tan's computer and other memory devices is critical as it provides the only means to determine if these photographs were taken contemporaneously with the alleged events that give rise to the Superseding Indictment, or were taken at some other time in an attempt to fabricate evidence in support of the allegations.

Through discovery in this matter, the Defendants have learned that on September 13, 2012, Junel Laurie, the Wiper onboard the M/V THETIS, sent an email to the Richard Udell, an attorney with the United States Department of Justice's Environmental Crimes Section, which reportedly alleged misconduct that ultimately formed the basis for the government's Superseding Indictment.[3]  Specifically, Mr. Laurie stated the following in his email to Mr. Udell, in pertinent part:

> "[i] **and the oiler [i.e., Danilo Tan] onboard this vessel** would like to report the activity of the greek chief engineer on board this vessel discharging bilge water and also sludge and dirty oil directly into the sea via magic pipe."[4]

The oiler onboard the M/V THETIS referred to in Mr. Laurie's email and who was serving with Mr. Laurie at the time the email was written is Danilo Tan, whose computer and other electronic devices are the subject of the Subpoena[5].

Numerous documents produced by the government in this case confirm that Mr. Tan's computer and other electronic devices contain material forensic evidence related to the allegations contained in the Superseding Indictment.  For instance, Mr. Tan admitted to investigators that he was the co-author of a handwritten note passed to U.S. Coast Guard inspectors in September 2012, and signed by Mr. Laurie as "Wiper" and Mr. Tan as "Oiler," alleging "illegal activity" on the part of the Defendants.[6]  Additionally, according to documents produced by the government, Mr. Tan instructed Mr. Laurie to connect and disconnect the pipe

---

[3] A copy of this September 13, 2012 email, bearing Bates No. THETIS_REPORTS 0000476 to THETIS_REPORTS 0000479, is attached hereto as "Exhibit A."

[4] *Id*. (emphasis added).

[5] A copy of the interview summary of Danilo Tan, confirming his position onboard the ship at the time of Laurie's email and bearing Bates No. THETIS_REPORTS 0000312, is attached hereto as "Exhibit B."

[6] A copy of this note, bearing Bates No. THETIS_REPORTS 0000867 is attached hereto as "Exhibit C." Additionally, a copy of Mr. Tan's interview summary in which Mr. Tan admits to authoring the note, along with Mr. Laurie and bearing Bates No. THETIS_REPORTS 0000313 is attached hereto as "Exhibit D."

and to take photographs of the alleged "magic pipe" on or around September 7, 2012.[7] The photographs of the alleged by-pass pipe connected and disconnected were thereafter downloaded to Mr. Tan's computer and subsequently sent to the government in support of Mr. Laurie's and Mr. Tan's allegations of illegal activity onboard the M/V THETIS.[8] Mr. Tan also stated to government investigators that both he [Mr. Tan] and Mr. Laurie, together, agreed to report the Defendant Chief Engineer of the M/V THETIS to the U.S. government prior to its arrival in Norfolk in September of 2012, and this report was created on Mr. Tan's computer.[9]

Specifically, Mr. Laurie explained to government investigators that he had used Mr. Tan's computer to transfer information related to his September 13, 2012 report to the Department of Justice onto a "flash drive" and ultimately to another computer before sending this report to Mr. Udell. This occurred approximately one week prior to the vessel's arrival in the Norfolk, Virginia area, where it was boarded by U.S. Coast Guard inspectors on September 22, 2012.[10] To accomplish this task, Mr. Laurie, at Mr. Tan's instructions, took photographs of the alleged bypass connections using his cell phone and downloaded these photographs to Mr. Tan's computer. Thereafter, the pictures were transferred to a "flash drive," and then transferred again Mr. Laurie to a shore side computer during a Port Call in Canada in September 2012, at which time Laurie forwarded his email report of the allegations to the U.S. government.[11] Accordingly, Mr. Tan's computer was used to prepare for, transfer and/or transmit the very same information

---

7 *See* Exhibit F (stating that Mr. Tan ask Mr. Laurie to connect and disconnect the alleged "magic pipe" and take photographs of the same); see also Exhibit E (photograph of Mr. Tan with the alleged "magic pipe").

8 A copy of the photograph, in which Mr. Tan is pictured with the alleged bypass connection and bearing Bates No. THETIS_REPORTS 0000866 is attached hereto as "Exhibit E." Copies of Mr. Laurie's interview summaries, during which Mr. Laurie recounts Mr. Tan's instructions to connect and disconnect the alleged by-pass pipe and to take pictures of the alleged bypass connection and bearing Bates No. THETIS_REPORTS 0000511 and THETIS_REPORTS 0000860, are attached hereto as "Exhibit F" and "Exhibit G," respectively.

9 *See* Exhibit C.

10 A copy of the interview summary, dated November 8, 2012 bearing Bates No. THETIS_REPORTS000508 is attached hereto as "Exhibit H."

11 *See* Exhibit C.

that was provided to the U.S. government as part of the allegations against the Defendants in this case. However, the original meta data and other information contained on Mr. Tan's computer files have never been produced to the Defendants. By conducting a forensic examination of a mirror image of Mr. Tan's computer, in advance of the July 23, 2013 trial date, the Defendants will be able to determine when these photographs and files were created and/or modified, and what information regarding the M/V THETIS was transferred to and /or from Mr. Tan's computer and other electronic storage devices by Mr. Laurie and Mr. Tan.

## ARGUMENT

Rule 17 of the Federal Rules of Criminal Procedure governs the service of subpoenas in criminal cases and documents or objects sought by such subpoenas. *See* Fed. R. Civ. P. 17. The Supreme Court has articulated the criteria that a movant for a Rule 17 subpoena must satisfy quite clearly: (1) the requested documents are evidentiary and relevant; (2) they are not otherwise procurable reasonably in advance of trial by exercise of due diligence; (3) the party cannot prepare for trial without having the documents in advance; and (4) the application is made in good faith and not as a general "fishing expedition." *United States v. Nixon*, 418 U.S. 683, 699-700 (1974) (noting that a subpoena *duces tecum* is not intended to provide a means of pretrial discovery but rather its purpose is "to expedite the trial by providing a time and place before trial for the inspection of subpoenaed materials."). If a movant fails to meet these requirements, then "the court may quash or modify the subpoena" on the grounds that compliance with the subpoena is "unreasonable or oppressive." *United States v. Fowler*, 932 F.2d 306, 311 (4th Cir. 1991) (citation omitted).[12] In this action, the Subpoena seeking production of Mr. Tan's computer and other electronic storage devices meets each of the criteria set forth in the *Nixon* decision.

---

[12] A subpoena is unreasonable or oppressive if it is "excessively broad" or "overly vague." *United States v. Under Seal (In re Grand Jury Doe No. G.J. 2005-2), 478* F.3d 581, 585 (4th Cir. 2007).

First, as this is a case involving whistleblower allegations made by Mr. Tan and Mr. Laurie, the contents of Mr. Tan's computer and other electronic storage devices clearly contain material and relevant evidence to the extent that these devices undisputedly contain numerous files and photographs that relate to the allegations that were initially reported to the Department of Justice and which triggered the charges contained in the Superseding Indictment.[13] Only by examining the meta data contained on Mr. Tan's computer and other electronic storage devices, will the Defendants be able to conclusively determine when these files were created and whether they were created contemporaneously as claimed by Mr. Tan and Mr. Laurie in their interviews with government investigators.

Second, the requested computer and other electronic storage devices are not otherwise procurable reasonably in advance of trial by exercise of the Defendants' due diligence, as the computer is owned by Mr. Tan, not within the public domain, and presumably in the possession of Mr. Tan himself at this time.[14]  Having the opportunity to analyze and examine Mr. Tan's computer in advance of trial is essential to establishing a defense in this matter, as forensic imaging and analysis of the computer's contents will verify when the photographs provided by Mr. Tan and Mr. Laurie were actually taken and how they were incorporated into the report that was made by these individuals to the Department of Justice.

---

[13]  In fact, Mr. Tan's computer and electronic storage devices were utilized to report the very allegations that form the basis of this case to the Department of Justice.  *See* Exhibit C.  As such, the computer and other electronic storage decisions clearly contain relevant and material information that goes straight to the heart of the allegations made in this case, and an analysis of this information is necessary to ensure the defendants have a fair and timely opportunity to review this information in the preparation of their defense.

[14]  On July 9, 2013, a request was made by defense counsel that the government produce Mr. Tan's computer or provide a copy of a forensic mirror image of Mr. Tan's computer. In response to this request, on July 9, 2013, the government stated that it was never in possession of Mr. Tan's computer and never obtained a forensic mirror image of this computer, despite the fact that this computer contained original digital photographs, reports and other materials which give rise to the charges contained in the Superseding Indictment. On July 10, 2013, counsel for the Defendants contacted Mr. Tan's attorney at the Federal Public Defenders Office and informed her that Defendants would be serving  a subpoena on Mr. Tan for trial and the production of his computer and other electronic storage devices.  That subpoena was served on July 11, 2013.

In this regard, production of the computer prior to trial is necessary in order to review the files contained on the computer and any associated report prepared by a forensic computer expert, which will take several days. Accordingly, in order to avoid any possibility of delaying the trial in this action, the Defendants are requesting the production of the items specified by the Subpoena no later than July 17, 2013. This will provide a sufficient time to obtain the forensic mirror image, examine the same and prepare exhibits related to the analysis in advance of trial.

With regards to the fourth and final criteria, Exhibits A through G, attached hereto, each of which were produced by the government during discovery, indisputably demonstrate that Mr. Tan's computer and other electronic storage devices contain files that are material to the allegations contained in the Superseding Indictment. Mr. Tan co-authored a note to the U.S. government alleging the Joint Defendants violated U.S. and international law by using a "magic pipe" to bypass shipboard pollution control equipment[15], instructed another whistleblower (Junel Laurie) to take photos of him [Mr. Tan] and the alleged "magic pipe" as part of a plan to submit them to the U.S. government[16]. Mr. Tan thereafter provided his computer and other electronic storage devices to Mr. Laurie to transfer the photographs, images and other information in order to eventually submit these materials to the Department of Justice.[17]  The demand in the subpoena for the production of Mr. Tan's computer and other electronic storage devices is made so the same can be forensically imaged and searched, is narrowly tailored to ensure the Defendants have access to information that is relevant and material to their defense. Accordingly, this Subpoena is sought in good faith and not as a general "fishing expedition," nor is it overly broad

---

[15] *See* Exhibit B and Exhibit C.
[16] *See* Exhibit D, Exhibit E and Exhibit F.
[17]  *See* Exhibit G.

or oppressive.[18]   As such, the Joint Defendants have satisfied all of Rule 17's requisite criteria and the Subpoena is neither unreasonable nor oppressive.

### CONCLUSION

For the reasons set forth herein, Defendants respectfully request that this honorable Court enter the proposed order attached as Exhibit I expediting the return date currently specified on the Joint Defendants' Subpoena to Mr. Danilo Tan to a return date of Wednesday, July 17, 2013 and specifying that any Response in opposition to this motion shall be filed no later than Monday, July 15, 2013.  The Defendants respectfully submit that such an Order will afford the parties appropriate time to brief any relevant issues with respect to the Subpoena and allow for the proper conduct of a forensic analysis of the objects sought by the Subpoena, which is essential to a proper defense in this matter.

Respectfully submitted,

          /s/ Lawrence H. Woodward, Jr.                         /s/ Patrick H. O'Donnell
Lawrence H. Woodward, Jr.  (VSB No. 21756)      Patrick H. O'Donnell (VSB No. 29637)
*Attorney for Ioannis Prokakis*                             *Attorney for Antonios Boumpoutelos*
Shuttleworth, Ruloff, Swain, Haddad                   Kaufman & Canoles
  & Morecock, P.C.                                              150 West Main Street
4525 South Boulevard                                         Suite 2100
Suite 300                                                            Norfolk, VA  23510
Virginia Beach, VA 23452                                   Phone:  757/624-3000
Phone: 757/671-6000                                          Fax:  757/624-3169
Fax: 757/671-6004                                             Email:  phodonnell@kaufcan.com
Email:  lwoodward@srgslaw.com

---

[18] In fact, the Subpoena could not be any more narrowly tailored, as there is no possible means by which to examine the contents of Mr. Tan's computer or electronic storage device without imaging them as a whole and reviewing the results of the image for relevant information.

Carl R. Woodward, III
*Attorney for Ioannis Prokakis*
*ADMITTED PRO HAC VICE*
Carella, Byrne, Cecchi, Olstein, Brody
  & Agnello, P.A.
5 Becker Farm Road
Roseland, NJ 07068
Phone:  973/994-1700
Fax:  973/994-1744
Email:  cwoodward@carellabyrne.com

Michael K. Twersky
*Attorney for Antonios Boumpoutelos*
*ADMITTED PRO HAC VICE*
Fox Rothschild, LLP
2000 Market Street
20th Floor
Philadelphia, PA 19103
Phone:  215/299-2923
Fax:  215/299-2150
Email:  mtwersky@foxrothschild.cm

     /s/ Trey R. Kelleter
Trey R. Kelleter (VSB No. 41606)
*Attorney for Diana Shipping Services, S.A.*
Vandeventer Black, LLP
101 W. Main Street, Suite 500
Norfolk, VA  23510
Phone:  757/446-8600
Fax:  757/446-8670
Email:  tkelleter@vanblk.com

Michael G. Chalos
Brian T. McCarthy
*Attorney for Diana Shipping Services, S.A.*
*ADMITTED PRO HAC VICE*
Chalos O'Connor, LLP
366 Main Street
Port Washington, NY  11050
Phone: 516/767-3600
Fax: 516/767-3605
Email:  mchalos@codus-law.com
Email:  bmccarthy@codus-law.com

## CERTIFICATE OF SERVICE

       I hereby certify that on this 11th day of July, 2013, I served the foregoing Defendants' Joint Motion for an Expedited Return Date for the Subpoena Served upon Danilo Tan via the Court's electronic notification system on the following:

| | |
|---|---|
| Joseph Kosky | Kenneth Nelson |
| Assistant United States Attorney | Environmental Crimes Section |
|  for the Eastern District of Virginia | Environment and Natural Resources Division |
| 101 West Main Street | United States Department of Justice |
| Suite 8000 | 601 D St. NW, Suite 2814 |
| Norfolk, VA 23510-1671 | Washington, DC 20004 |
| (757) 441-6331 | (202) 305-0435 |
| Joseph.Kosky@usdoj.gov | Kenneth.Nelson3@usdoj.gov |

In addition, I certify that service was made by electronic mail on the following counsel for Danilo Tan, Manuel A. Valdez, Jeffrey T. Seran, Junel L. Laurie and Yvan R. Fernando:

Suzanne v. Katchmar
Assistant Federal Public Defender
Office of the Public Defender
150 Boush Street, Suite 403
Norfolk, VA 23510
(757) 457-0800
suzanne_katchmar@fd.org

           /s/ Patrick H. O'Donnell
           Patrick H. O'Donnell (VSB No. 29637)
           *Attorney for Antonios Boumpoutelos*
           Kaufman & Canoles
           150 West Main Street
           Suite 2100
           Norfolk, VA  23510
           Phone: 757/624-3000
           Fax: 757/624-3169
           Email: phodonnell@kaufcan.com

12507249v2