IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

NORFOLK DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA ) | |
| ) | |
| v. ) | Crim. No. 2:13cr40 |
| ) | |
| DIANA SHIPPING SERVICES S.A., ) | |
| ) | |
| ) | |
| *Defendant.* ) | |

GOVERNMENT'S POSITION WITH RESPECT TO
SENTENCING FACTORS IN THE PRESENTENCE REPORT

COMES NOW the United States of America, by undersigned counsel, and in accordance with Section 6A1.2 of the Sentencing Guidelines and Policy Statements and this Court's policy regarding guidelines sentencing, the United States hereby represents that it has reviewed the presentence report (PSR) prepared by the United States Probation Officer.

**I.     The United States Objects to the PSR**

The United States objects to the PSR in the following areas:

Paragraph 42: Effective Program to Prevent/Detect Violations.    During trial it was shown that defendant did not have an effective program to detect violations. Specifically, defendant did not have any audit program to verify the truthfulness of the entries in the vessel's Oil Record Book. There was no auditing system in place that would compare the entries in the Oil Record Book with those in the Sounding Log to determine if the changes in the quantities of various tanks were explained and otherwise documented in the Oil Record Book. From at least October 2011 until April 2012, defendant failed to properly inspect the vessel and discover the

1

extensive and sophisticated system of "magic pipes" that were on the vessel that were used to discharge sludge and machinery space bilge water directly into the sea.

Paragraph 43: Financial Condition/Ability to Pay. It should be noted that at trial company representative Ioannis Zafarikis testified that defendant had already set aside enough money to cover any potential fine that may be imposed. Based on eleven counts, that amount is $5,500,000.00.

Organizational Worksheet D, Paragraph 7(a)(6). The government respectfully submits that probation is also required because changes must be made within the organization to reduce the likelihood of future criminal conduct. The government will recommend as part of sentencing that defendant implement an Environmental Compliance Plan (ECP) to require extensive auditing and environmental controls to prevent future violations. This Plan would be a condition of probation.

**II.     Evidence**

The United States intends to introduce into evidence an affidavit from Coast Guard Captain David S. Fish appended hereto as Exhibit A, a summary of recent vessel pollution sentences, appended hereto as Exhibit B, extracted pages from Diana Shipping Services, Inc.'s 2012 annual report, appended hereto as Exhibit C, and a proposed Environmental Compliance Plan, appended hereto as Exhibit D.

**III.    Recommended Fine & Community Service Payment**

Defendant has been convicted of eleven felony counts. Each count carries a potential fine amount of $500,000.00 USD for a total potential fine of $5,500,000.00 USD. The United States recommends that the Court impose a fine of $400,000.00 USD on each of the eleven counts of conviction for a total criminal fine of $4,400,000.00. As shown in the PSR and as defendant's representative, Mr. Ioannis Zafarikis, testified to at trial, the defendant has the ability

to pay the full amount of any potential fine.   There have been many cases involving similar offenses that have been sentenced with fines ranging from $350,000.00 USD to $37,000,000.00 USD, as summarized in Exhibit B.   A $4,400,000.00 fine is well within the heartland of previous penalties.   This substantial fine is not only fair punishment for the offenses of conviction but will also send a strong deterrent message to other shipping companies that call upon the Port of Norfolk.   It must also be noted, according to Mr. Zafarikis, that defendant never conducted an internal investigation into the incidents on the vessel and was simply waiting for the Court's verdict.   As the Court noted during the verdict, the Sounding Log, alarm records and Oil Record Books were always available to any corporate representative to inspect and compare, yet defendant never conducted such inspection.   This corporate attitude, coupled with the set-aside of the potential fine amount, supports the imposition of a substantial fine to deter the defendant from future violations[1].

The government is only aware of four other post-trial cases involving vessel pollution and falsification of records that are similar to the defendant's conduct.   In *United States v. Sanford Ltd.*, 11-cr-00352-1 (D.DC 2013) the corporate defendant was convicted of 6 felony violations of the Act to Prevent Pollution from Ships (APPS), conspiracy, obstruction of justice, and

---

[1] Exhibit C contains extracted pages from Diana Shipping Inc.'s 2012 annual report since the entire report is 494 pages.   Diana Shipping Services S.A. is a wholly-owned subsidiary of Diana Shipping Inc.   Exhibit C at 15.   Diana Shipping Inc. conducts "all of the commercial and technical management of our vessels in-house through [Diana Shipping Services S.A."   Id. at 18.   In addition Diana Shipping Inc. believes "having in-house commercial and technical management provides us with a competitive advantage over many of our competitors by allowing us to more closely monitor our operations and to offer higher quality performance, reliability and efficiency in arranging charters and the maintenance of our vessels."   Id.   Diana Shipping Inc. consolidates Diana Shipping Services S.A. into its financials.   Id. at 26.   According to Diana Shipping Inc.'s 2012 Annual Report, they "do not expect that these charges will have any material effect on our ongoing business, our relationships with its charterers or our other contractual arrangements."   Id.   Diana Shipping Inc. has also "[a]s of December 31, 2012, the Company had accrued for its best estimate of a monetary exposure to loss as a result of this incident."   Id. at 27.   Diana Shipping Inc.'s agent and authorized representative in the United States is their wholly-owned subsidiary, Bulk Carriers (USA) LLC, established in September 2006, in the State of Delaware, which is located at 2711 Centerville Road, Suite 400, Wilmington, Delaware 19808.   Id. at 7.   Mr. Zafirakis serves as Executive Vice President, Secretary, and Director of Diana Shipping Inc.   Id. at 21.   He also serves as a Director of Diana Shipping Services S.A.   Id.

discharging bilge water into Pago Pago harbor, American Samoa. The Court ordered a sentence including a fine of $1,900,000.00 and a community service payment of $500,000.00. In addition the Court banned defendant's vessels from coming to the United States unless they had implemented an ECP. In *United States v. Petraia Maritime Ltd.*, 2:06-cr-00091 (D. Maine), the corporate defendant, which was relatively very small, was convicted of three counts of violating the Act to Prevent Pollution from Ships (33 U.S.C. § 1908(a)) for failure to accurately maintain an Oil Record Book. The Court ordered a sentence including a fine of $525,000.00 and two years of probation. In *United States v. Ionia Ship Management*, No. 3:07-CR-00199, 134 (D.Conn), the defendant was convicted of 18 counts that were similar to what was charged in this case. The Court ordered a sentence including a $4.9 million fine, four years of probation, and the appointment of a Special Master to oversee the company's record keeping on a monthly basis and to hold hearings every six months to ensure compliance. In *United States v. General Maritime Management (Portugal), L.D.A.*, No 2:08-CR-00393 (S.D. Tex), the defendant was convicted of one count of violating the Act to Prevent Pollution from Ships (33 U.S.C. § 1908(a)) and one count of false statement (18 U.S.C. § 1001). The Court ordered a sentence including a $1.0 million fine, five years of probation, an environmental compliance plan, and a warning that a special condition of probation will be that if there are future violations the Court will order that vessels be banned from trading in the United States.

In addition, the United States recommends that as a discretionary condition of probation the Court order defendant to make a Community Service Payment of $1,100,000.00 USD to the National Marine Sanctuary Foundation ("the Foundation") for the benefit of the Monitor National Marine Sanctuary that is located 16 miles south-southeast of the Cape Hatteras, North Carolina Lighthouse. 18 U.S.C. § 3563(b)(12) & (22). The Foundation is established to solicit

donations for the National Marine Sanctuaries Program ("the Program") as authorized by 16 U.S.C. § 1442(b), and the Program is authorized to accept donations of funds pursuant to 16 U.S.C. § 1442(c) for the designation and administration of national marine sanctuaries. The Program is also authorized to accept grants from any federal agency or persons notwithstanding any provision of law which prohibits assistance otherwise. 16 U.S.C § 1442(f). The Program manages the Monitor National Marine Sanctuary. This community service payment will provide needed funds for the Program to establish programs and implement projects that are aimed at preventing, and restoring damage from, ship-based pollution. Should the Court order the community service payment, the government requests that defendant be prohibited from taking a tax deduction for the payment. The Foundation was recently the recipient of community service funds in the amount of $500,000.00 USD as a result of a case in the District of Columbia, *United States v. Sanford Ltd.*, 11-cr-00352-1 (D.DC 2013).

**IV.     Environmental Compliance Plan**

The United State respectfully recommends that as a special condition of probation that the Court order defendant to fully fund and implement the ECP that is attached hereto as Exhibit D. The ECP is designed to ensure that the vessel's operated by defendant are in compliance with international and United States' laws. The ECP requires that the vessels be audited by an independent Court Appointed Monitor three times during the five year period of probation. The ECP also requires that all vessels maintain a Sounding Log and that a comparison between the Sounding Log and the Oil Record Book be conducted on a quarterly basis. In addition, the ECP requires the implementation of an anonymous reporting system that is free for the crewmembers to use and guarantees that no adverse actions can be taken against the individual making the report.

**V.     Conclusion**

Therefore, for the foregoing reasons, and other reasons to be more fully articulated at the sentencing hearing, the United States submits that a sentence of a fine of $4,400,000.00 USD, a Community Service Payment of $1,100,000.00, and five years of probation with the special condition of implementation of the ECP is reasonable and accounts for each of the factors set forth in 18 U.S.C. § 3553(a) & 3572.

Respectfully submitted,

DANA J. BOENTE
ACTING UNITED STATES ATTORNEY

By:     _____/s/_____
Joseph L. Kosky
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-3205
E-Mail Address - joseph.kosky@usdoj.gov

ROBERT G. DREHER
ACTING ASSISTANT ATTORNEY GENERAL
Environment and Natural Resources Division
United States Department of Justice

By:     _____/s/_____
Kenneth E. Nelson
Trial Attorney
Environmental Crimes Section
United States Department of Justice
601 D. Street, NW, Suite 2814
Washington, DC 20004
Office Number (202) 305-0435
Facsimile Number (202) 514-8865
E-Mail Address – kenneth.nelson@usdoj.gov

**CERTIFICATE OF SERVICE**

I hereby certify that on the 27th day of November, 2013, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system, which will send a notification of such filing (NEF) to the following:

Michael G. Chalos, Esquire
Chalos O'Connor, LLP
366 Main Street
Port Washington, New York 11050
mchalos@codus-law.com

Trey R. Kelleter, Esquire
Vandeventer Black, LLP
500 World Trade Center
101 West Main Street
Norfolk, Virginia 23510
tkelleter@vanblk.com

Carl Woodward, Esquire
Carella, Byrne, Cecchi, Olsen, Brody, & Agnello, P.A.
5 Becker Farm Road
Roseland, New Jersey 07068
cwoodward@carellabyrne.com

Lawrence Woodward, Jr., Esquire
Shuttleworth, Ruloff, Swain, Haddad & Morecock, P.C.
4525 South Boulevard, Suite 300
Virginia Beach, Virginia 23452
lwoodward@srgslaw.com

Michael K. Twersky, Esquire
Fox Rothschild, LLP
2000 Market Street, 20th Floor
Philadelphia, Pennsylvania 19103
mtwersky@foxrothschild.com

Patrick H. O'Donnell, Esquire
Kaufman & Canoles
150 West Main Street, Suite 2100
Norfolk, Virginia 23510
phodonnell@kaufcan.com

       _____/s/_____
Joseph L. Kosky
Assistant United States Attorney
Attorney for the United States
United States Attorney's Office
101 West Main Street, Suite 8000
Norfolk, Virginia 23510
Office Number (757) 441-6331
Facsimile Number (757) 441-3205
E-Mail Address - joseph.kosky@usdoj.gov